# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

**WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU,**

*Plaintiff and Petitioner,*

vs.

**FREEDOM LIFE INSURANCE COMPANY OF AMERICA,** a corporation;

*Defendant.*
_____/

Case No.:

Division:

## WORLDWIDE AIRCRAFT SERVICES, INC., D/B/A JET ICU'S PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Worldwide Aircraft Services, Inc., d/b/a Jet ICU ("Jet ICU"), pursuant to Sections 682.015, 682.12, and 682.15, Florida Statutes (2022), and 9 U.S.C. § 9, petitions this Court for an Order confirming the arbitration award rendered by Federal Hearings and Appeals Services, Inc., pursuant to the federal No Surprises Act Independent Dispute Resolution ("IDR") arbitration process[1] on September 27, 2024, a true and correct copy of which is attached and incorporated hereto by this reference as **Exhibit A**, against Respondent Freedom Life Insurance

---

[1] See, 42 USC §300gg-111(c)(2)(A).

Company of America ("Plan"), and entry of a final judgment thereon. In support thereof, Jet ICU states as follows:

On August 19, 2024, Jet ICU filed a request for IDR arbitration pursuant to the federal No Surprises Act, with the Centers for Medicare and Medicaid Services (CMS), the administrator for the No Surprises Act IDR binding arbitration process. See, 42 USC §300gg-111(c)(2)(A), 300gg-112(b)(1)(B).

1. Pursuant to the CMS rules, Federal Hearings and Appeals Services, Inc., was appointed arbitrator. ("Arbitrator").

2. Arbitrator heard and adjudicated the matter on September 27, 2024, issuing the opinion attached here to as **Exhibit A**. The Award was in favor of Jet ICU, against Freedom Life Insurance Company of America, in the amount of $57,854.75.

3. Section 682.12, Florida Statutes, provides that: *Pursuant to McLaurin v. The Terminix International Co., LP, No. 20-1904 (11th Cir. 2021. Because the Federal Arbitration Act (FAA) reflects a national policy in favor of arbitration agreements, there is a presumption under the FAA that arbitration awards will be confirmed. 9 U.S.C. § 9* Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313, 1321 (11th Cir. 2010).

After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at

2

which time the court *shall* issue a confirming order unless the award is modified or corrected pursuant to § 682.10 or 682.14 or is vacated pursuant to § 682.13. *Emphasis added.*

4. Pursuant to the Federal Arbitration Act, Section 9, the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in the Federal Arbitration Act.

5. As of the filing of this Petition, no court has vacated, corrected, or modified the Award pursuant to Chapter 682, Florida Statutes, or 9 U.S.C. §9.

6. Pursuant to Section 682.181, Florida Statutes, 9 U.S.C. § 9, this Court has jurisdiction to confirm the Award. *See Badgerow v. Walters, 596 U.S. _(2022)* But because this Court has held that the FAA's provisions do not themselves support federal jurisdiction, a federal court must find an independent basis for jurisdiction to resolve an arbitral dispute. *Badgerow v. Walters, 142 S.Ct. 1310, 1311 (U.S., 2022)*

7. Plan is a business operating in multiple jurisdictions including Hillsborough County and is therefore subject to this Court's jurisdiction. Plan is registered with the Florida Secretary of State as Freedom Life Insurance Company of America with the Florida EIN # 61-1096685. Jet ICU's principal place of business is in Hillsborough County, State of Florida. Venue is, accordingly, proper in this judicial circuit.

8. As a result of the foregoing, Jet ICU is entitled to an Order confirming the Award and a final judgment in conformity therewith. *See* Fla. Stat. §§ 682.12, 682.15(1); *Nestor v. Ward*, 163 So. 3d 583, 585 (Fla. 3d DCA 2015) ("In the absence of a motion to vacate, modify, or correct the arbitration award, the trial court must confirm the award.").

9. The same result is mandated by the Federal Arbitration Act.; 9 U.S.C. §9; see also, Worldwide Aircraft Services, Inc. d/b/a Jet ICU v. Worldwide Insurance Services, LLC, Case No. 8:24-CV-840-TPB-CPT (M.D. Fla Sept. 18, 2024)

**WHEREFORE**, Jet ICU respectfully requests this Court enter an Order confirming the Award and entry of a final judgment in favor of Jet ICU and against Freedom Life Insurance Company of America, pursuant to the Award, including accrued daily interest at a rate prescribed by Florida or Federal law from the payment due date pursuant to the arbitration award as well as the costs and fees, including attorney's fees as well as any such other relief the Court deems just, necessary and proper.

**(INTENTIONALLY LEFT BLANK)**

Respectfully submitted on May 6, 2025

_____
Michael Brannigan, Esq.
The Law Office of Michael Brannigan P.A.
Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
MichaelBrannigan@jeticu.com
Legal@jeticu.com
(352) 796-2540
(352) 796-2549 (fax)

*Counsel for Plaintiff Worldwide Aircraft Services, Inc. d/b/a Jet ICU*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed using CM/ECF system and has been furnished to the Defendant, FREEDOM LIFE INSURANCE COMPANY OF AMERICA, Registered Agent *CHIEF FINANCIAL OFFICER*, 200 E. GAINES STREET, TALLAHASSEE, FL 32399 on May 6th 2025.

MICHAEL BRANNIGAN, ESQUIRE
**The Law Office of Michael Brannigan P.A.**
Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
Email: MichaelBrannigan@jeticu.com
Email: Legal@jeticu.com
Phone: (352) 796-2540
Fax: (352) 796-2549
*Attorney for Petitioner and Plaintiff*
*Worldwide Aircraft Services, Inc., d/b/a Jet ICU*