UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WORLDWIDE AIRCRAFT SERVICES INC.**, d/b/a JET ICU, a Florida corporation,

 Plaintiff,

v.                Case No. 8:25-cv-01158-WFJ-AEP

**FREEDOM LIFE INSURANCE COMPANY OF AMERICA,** a corporation,

 Defendant.

_____/

## ORDER

 Before the Court is Defendant Freedom Life Insurance Company of America's ("FLICA") Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. Dkt. 35. Plaintiff Worldwide Aircraft Services, Inc. d/b/a Jet ICU ("Jet ICU") has responded in opposition. Dkt. 43. As explained below, Defendants' motion for summary judgment is denied as moot, and the Complaint is dismissed without prejudice for lack of subject matter jurisdiction.[1]

---

[1] Plaintiff Jet ICU also filed a motion to dismiss the counterclaim raised by Defendant FLICA. Dkt. 29. The Court also denies Plaintiff's motion to dismiss the counterclaim as moot.

## BACKGROUND

The facts of this case are largely undisputed. On March 19, 2024, Jet ICU provided air ambulance services to an individual covered under FLICA's "Certificate no. 52M684692B," which is a Certificate of Coverage for a Specified Disease/Illness Insurance Plan ("Specified Disease Certificate"). Dkt. 35 at 3. This Specified Disease Certificate is only designed to supplement an individual's major medical coverage. *Id.* On April 9, 2024, Jet ICU submitted claim #241348690S under the Specified Disease Certificate for air ambulance services rendered to the individual, and FLICA remitted payment of $3,660.25 via Automated Clearing House to Jet ICU. Dkt 22 ¶¶ 11–13. On August 19, 2024, Jet ICU initiated the Independent Dispute Resolution ("IDR") process under the No Surprises Act (the "NSA") and emailed FLICA a notice of IDR initiation. Dkt. 35 at 4; *see* 42 U.S.C. § 300gg-112.

After receiving notice of the IDR initiation, FLICA accessed the IDR portal to notify the arbitrator that the Specified Disease Certificate was ineligible for the federal IDR process. *Id*. at 7. However, FLICA learned that access to the portal was not permitted unless the party agreed to be bound by the IDR arbitrator's decision, and FLICA was unwilling to do so. *Id.* Instead, FLICA replied to Jet ICU's notice email, explaining that the Specified Disease Certificate was not eligible for the

federal IDR process and cited the supporting authority under 42 U.S.C. § 300gg-91(c)(3)(A). *Id.*

The IDR arbitrator—reference number DISP-1679430—subsequently awarded $35,354.75 as the proper amount for the services provided by Jet ICU. Dkt. 1-2 at 1. On May 6, 2025, Jet ICU filed a complaint asking this Court to confirm the IDR award and enter judgment in the total amount of the award. Dkt. 1. In response, FLICA filed a counterclaim, seeking a declaratory judgment that "the IDR arbitration proceeding had no jurisdiction over the Claim or the Certificate, thereby precluding confirmation of the IDR award, and alternatively that the NSA provides no express right of action to enforce or confirm an IDR award." Dkt. 22 at 7.

## LEGAL STANDARD

Summary judgment is only appropriate when there is "no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed R. Civ. P. 56(a). The moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997); *Pennington v. City of Huntsville*, 261 F.3d 1262, 1265 (11th Cir. 2001) (noting a court must "review the facts and all reasonable inferences in the light most favorable to the non-moving party"). Once the moving party satisfies its initial burden, it shifts to the

non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e), (c).

However, subject matter jurisdiction must be established before a case can proceed on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). This is because "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). It is presumed that a federal court lacks jurisdiction in a case until the plaintiff demonstrates the court has jurisdiction over the subject matter. *See id.* (first citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799), then citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182–83 (1936)). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citation modified). A defendant may challenge subject matter jurisdiction facially or factually. *See Douglas v. United States*, 814 F.3d 1268, 1274–75 (11th Cir. 2016). A facial attack requires the court to examine the complaint, taken as true, to determine whether the plaintiff has sufficiently alleged a jurisdictional basis. *See id.* at 1274. The Court construes Defendant's challenge to subject matter jurisdiction as a facial attack. Dkt. 35 at 17.

## DISCUSSION

Based on a careful review of the pleadings, the Court finds that it lacks subject matter jurisdiction to confirm the IDR award under the NSA. As discussed below, Jet ICU's claim to enforce the IDR award fails as a matter of law because the NSA only incorporates 9 U.S.C. § 10(a) of the Federal Arbitration Act ("FAA") and expressly omits any reference to 9 U.S.C. § 9 of the FAA, which provides for confirming arbitration awards.

In 2020, Congress passed the NSA, which established a binding dispute-resolution system for disputes between healthcare providers and insurers concerning surprise medical bills. 42 U.S.C. § 300gg-111(c)(1)–(5). The IDR process generally has four steps: (1) the provider and the insurer negotiate the price for the service, *id.* § 300gg-111(c)(1)(A); (2) if these negotiations fail, the provider and insurer have four days to begin the IDR process, *id.* § 300gg-111(c)(1)(B); (3) a certified IDR entity is selected by either the parties or the Department of Health and Human Services ("HHS"), *id.* § 300gg-111(c)(4); and (4) the certified IDR entity determines whether the parties' dispute is eligible for IDR and then decides the amount owed to the provider by the insurer, *id.* § 300gg-111(c)(5). The same four-step process applies to air ambulance insurance claims. *See id.* § 300gg-112. The air ambulance company may negotiate with the insurer for payment, *id.* § 300gg-112(b)(1)(A), and

if the negotiations fail, the parties go to the same IDR process for "baseball style" arbitration. *Id.* § 300gg-112(b)(1)(B).

Once the IDR process is complete, the NSA provides that the determination of the IDR entity as to the payment amount is "binding upon the parties" in the absence of evidence of fraud and "shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of Title 9." *Id.* § 300gg-111(c)(5)(E)(i); *see id* § 300gg-112(b)(5)(D). This provision limits judicial review to § 10(a) of the FAA, which provides grounds for vacating arbitration awards. *See* 9 U.S.C. § 10(a). "Notably, while the NSA references § 10(a) of the FAA, it omits any reference to § 9, which provides for confirming arbitration awards." *Worldwide Aircraft Services, Inc. d/b/a Jet ICU v. United Healthcare*, No. 8:24-CV-2527-TPB-LSG, 2025 WL 3312169, at *1 (M.D. Fla. Nov. 28, 2025); *see also Reach Air Med. Servs. LLC v. Kaiser Found. Health Plan Inc.*, No. 24-10135, 2025 WL 3222820, at *1–4 (11th Cir. Nov. 19, 2025) (finding that the NSA has only "expressly incorporated" § 10(a) of the FAA).

Federal courts have previously found this distinction critical, as the NSA provides only a private right of action to vacate an IDR award, not to enforce it. The Fifth Circuit's decision in *Guardian Flight, L.L.C. v. Health Care Serv. Corp.*, 140 F.4th 271 (5th Cir. 2025) is persuasive and instructive. The appellate court closely examined the text of the NSA and found that Congress never intended to provide a

6

private right of action to enforce an IDR award. *Guardian Flight, L.L.C.*, 140 F.4th 271, 275–76. To the contrary, "the NSA's text and structure point in the opposite direction," as "[t]he NSA expressly *bars* judicial review of IDR awards *except* as to the specific provisions" in § 10(a) of the FAA for vacatur. *Id.* at 275. As mentioned above, the NSA does not incorporate the FAA's enforcement provision in § 9. *Id.* at 276. By expressly referencing § 10 and omitting any reference to § 9, the appellate court found that Congress intended to exclude the application of § 9. *Id.* at 277. Instead, "Congress took a different tack" toward enforcement and "empowered HHS to assess penalties against insurers for failure to comply with the NSA." *Id.* (citing 42 U.S.C. § 300gg-22(b)(2)(A); 45 C.F.R. § 150.301 *et seq.*). As such, the "NSA's structure conveys Congress's policy choice to enforce the statute through administrative penalties, not a private right of action." *Id.*

Here, following the majority of federal courts that have considered the issue, the Court finds that the NSA does not create a private cause of action to enforce IDR awards under § 9 of the FAA. *See Worldwide Aircraft Services*, 2025 WL 3312169, at *2 n.2 (collecting district court cases finding that the NSA did not create a private cause of action for enforcing or confirming IDR awards). As such, this Court lacks subject matter jurisdiction to enforce or confirm an IDR award under the NSA. *See* 42 U.S.C. § 300gg-111(c)(5)(E)(i); *id* § 300gg-112(b)(5)(D); *Guardian Flight,*

7

*L.L.C.*, 140 F.4th at 274 (affirming district court's dismissal for lack of subject matter jurisdiction under the NSA).

## CONCLUSION

For the foregoing reasons, the Court concludes that Jet ICU's request to confirm the IDR award must be denied because the Court lacks subject matter jurisdiction. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant FLICA's Motion for Summary Judgment, Dkt. 35, is **DENIED as MOOT**.

2. Plaintiff Jet ICU's Complaint, Dkt. 1, is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

3. Plaintiff Jet ICU's motion to dismiss Defendant's counterclaims, Dkt. 29, is **DENIED as MOOT.**

**DONE AND ORDERED** in Tampa, Florida, on December 11, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**